## JOSEPH CHANDLER *vs.* CYRUS SHAW.

### Aroostook.    Opinion January 26, 1885.

#### *Betterments.*

A divisional share of betterments upon a lot of land may be assessed in a real action in which the demandant recovers an undivided portion of the land.

ON REPORT.

Real action to recover possession of lot sixty-six in Mars Hill.

*Powers and Powers*, for the plaintiff.

*Wilson and Spear* and *John P. Donworth*, for the defendant.

PETERS, C. J. This case, with the exception of the question of betterments, is entirely disposed of in the opinion in the case of *Chandler* v. *Wilson, ante*. Two resolves not in that case, one of 1829 and one of 1831, are introduced, which merely extend the operation of the resolves already discussed. There is this immaterial difference between the two cases. At the foot of the soldier's certificate in this case is a minute, "Deeded to Ephraim Bailey's heirs." The deed shows the minute to be erroneous. The word "heirs" should be "assignee."

In this case the balance of the evidence authorizes the allowance of betterments. We cannot take the space in a legal opinion to record at an extended length our reasons for a conclusion in matters merely of fact. Suffice it to say, all things considered, a jury might properly, and probably would, allow betterments. In these matters of fact, we exercise jury powers.

A question arises whether a divisional share of the betterments may be assessed when a demandant recovers only an undivided share of the estate.   We do not find that the point has ever been passed upon in any decided case in our own state.   Betterments in such a case are recoverable in Massachusetts.   *Backus* v. *Chapman*, 111 Mass. 386.   We see no objection to it.

The writ demands lot sixty-six in Mars Hill.   The defendant makes no claim to the south half, although no disclaimer is filed. The demandant is entitled to recover three-fifths of the whole lot. The defendant is entitled to three-fifths of betterments on the north half.   Betterments on the north half, *in toto*, to be reckoned at two hundred dollars.   The value of the whole north half, without betterments, one hundred dollars.

*Judgment accordingly.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.